Filed 10/20/25  P. v. Begley CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA RHEA BEGLEY,<br><br>        Defendant and Appellant. | A170305<br><br>(Sonoma County<br>Super. Ct. No. SCR-578339-1) |

In 2010, a jury convicted defendant Joshua Begley of five counts, including one count of first degree murder with the special circumstances that the murder was committed in the commission of a robbery and a burglary.  He was sentenced to six years in prison plus life without the possibility of parole (LWOP), including two one-year enhancements for prior prison terms under Penal Code former section 667.5, subdivision (b) (section 667.5(b)).[1]  He appealed, and this division affirmed the judgment. (*People v. Begley* (Feb. 28, 2013, A130178) [nonpub. opn.].)

About a decade later, the Legislature enacted Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill No. 483).  The bill invalidated certain section 667.5(b) enhancements imposed before 2020 and entitles a defendant

_____

[1] All further statutory references are to the Penal Code unless otherwise noted.

whose judgment contained such an enhancement to a full resentencing. (Stats. 2021, ch. 728, § 2; § 1172.75, subds. (a), (c); *People v. Monroe* (2022) 85 Cal.App.5th 393, 399.) Begley sought resentencing under the new law. The trial court then struck the section 667.5(b) enhancements, agreed with Begley that he should receive the midterm for the three counts on which he originally received the upper term, and resentenced him to a total term of three years plus LWOP.

Begley now appeals, raising one claim the Attorney General opposes and two claims the Attorney General concedes. We reject the opposed claim, which is that Begley's trial counsel rendered ineffective assistance by not seeking to strike several one-year enhancements based on section 1385, as amended by Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill No. 81).

Begley also claims, and the Attorney General concedes, that (1) the abstract of judgment must be amended to strike a $10,000 restitution fine and accompanying parole revocation restitution fine the trial court did not impose or, alternatively, the fines must be vacated under Assembly Bill No. 1186 (2023–2024 Reg. Sess.) (Assembly Bill No. 1186), which invalidates uncollected restitution fines imposed more than 10 years ago (§ 1465.9, subd. (d)); and (2) remand is required for the court to calculate Begley's actual custody credits as of resentencing. We accept the Attorney General's concessions. Thus, we order the resentencing minute order corrected to conform to the court's oral pronouncement and the fines—as well as two other fees that were not imposed—stricken from both the determinate and indeterminate abstracts of judgment. We also remand the matter for Begley's actual custody credits to be updated. Otherwise, we affirm.

2

# I.
## FACTUAL AND PROCEDURAL
## BACKGROUND

The underlying facts are set forth in our opinion in Begley's direct appeal. Briefly, in February 2010, Begley entered a guitar shop in Rohnert Park, stabbed the owner, Taku Sakashita, to death, and stole Sakashita's property. A few days later, when the police attempted to arrest Begley, he led them on a high-speed chase before he was apprehended.

Several months later, the jury convicted Begley of first degree murder, second degree robbery, second degree burglary, recklessly evading an officer, and resisting an officer.[2] The jury found true the special circumstances that the murder occurred during a robbery and a burglary. It also found true that Begley personally used a deadly and dangerous weapon during the murder and the robbery and personally inflicted great bodily injury (GBI) during the robbery and the burglary.[3]

In October 2010, after finding that Begley served two prior prison terms under former section 667.5(b), the trial court sentenced him to six years in prison plus LWOP. The determinate sentence was composed of three years for evading an officer, a consecutive term of one year for the weapon enhancement accompanying the murder, and two consecutive one-year terms for the section 667.5(b) enhancements. A nine-year term for the robbery and its enhancements, a seven-year term for the burglary and its enhancements,

---

[2] Begley was convicted under sections 187, subdivision (a) (murder), 211 (robbery), 459 (burglary), and 148, subdivision (a)(1) (resisting officer), and Vehicle Code section 2800.2, subdivision (a) (evading officer).

[3] The special circumstances were found true under section 190.2, subdivision (a)(17), the weapon allegations were found true under section 12022, subdivision (b)(1), and the GBI allegations were found true under section 12022.7, subdivision (a).

3

and a one-year term for resisting an officer were imposed and stayed. The court also imposed a $10,000 restitution fine and other fees, ordered direct restitution payable to the Victim Compensation Board (Board) and Sakashita's wife, and awarded 250 days of actual custody credits.[4]

In spring 2023, the trial court appointed counsel for Begley after he was referred for resentencing under Senate Bill No. 483. Begley filed a motion for resentencing in which he claimed the court had to strike the section 667.5(b) enhancements and reduce his sentence by two years. He also argued that his sentence should be further reduced based on his positive performance in prison.

In addition, Begley claimed the trial court was required to conduct a full resentencing under which he was entitled to the benefit of Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill No. 567). Specifically, he argued that section 1170, as amended by Senate Bill No. 567, precluded the court from reimposing the upper term for the three counts (robbery, burglary, and evading an officer) on which he originally received that term because no aggravating factors were stipulated to or found true beyond a reasonable doubt. He argued that childhood trauma, including his parents' drug use and domestic violence, justified the lower term for each of these counts.

The prosecution conceded that the section 667.5(b) enhancements had to be stricken but opposed Begley's request to be resentenced to the midterm or lower term for robbery, burglary, and evading an officer. The prosecution argued that aggravating factors related to Begley's criminal history justified

---

[4] In 2014, the trial court increased the restitution payable to the Board and Sakashita's wife. Begley appealed, and we modified the restitution order to correct a calculation error. As modified, the order required him to pay approximately $75,000 to the Board and $24,000 to Sakashita's wife. (*People v. Begley* (Nov. 10, 2015, A144367) [nonpub. opn.].)

imposing the upper term and that any childhood trauma he may have experienced did not justify, much less require, the lower term.

On March 6, 2024, the trial court recalled the sentence and resentenced Begley. It struck the two section 667.5(b) enhancements. It also concluded that lower-term sentences were not justified under section 1170, subdivision (b)(6), but it agreed with Begley that midterm sentences were appropriate.

Accordingly, the trial court resentenced Begley to a total term of three years in prison plus LWOP. The determinate sentence was composed of the midterm of two years for evading an officer and a consecutive term of one year for the weapon enhancement attached to the murder. The court imposed and stayed a seven-year term for the robbery and its enhancements, a six-year term for the burglary and its enhancements, and a one-year term for resisting an officer. At the prosecution's request, the court ordered "all victim restitution to the victim's family and the Victim Compensation Board . . . as previously ordered." The court also awarded 250 days of actual custody credits, the original amount awarded in 2010, after Begley's counsel incorrectly indicated it was not the court's duty to update them.

## II.
### DISCUSSION

#### A.  *Begley's Counsel Did Not Render Ineffective Assistance by Failing to Seek the Dismissal of Enhancements Under Section 1385.*

Begley claims that his counsel below provided ineffective assistance by not asking the trial court to strike any of the weapon or GBI enhancements under section 1385, as amended by Senate Bill No. 81. We are not persuaded.

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate "that counsel's performance was deficient," such that

5

"counsel was not functioning as the 'counsel' [constitutionally] guaranteed," and "the deficient performance prejudiced the defense." (*Strickland v. Washington* (1984) 466 U.S. 668, 687; *People v. Centeno* (2014) 60 Cal.4th 659, 674.) Thus, a defendant must show both that (1) "counsel's performance . . . fell below an objective standard of reasonableness under prevailing professional norms" and (2) there is "a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*People v. Mai* (2013) 57 Cal.4th 986, 1009 (*Mai*).)

When evaluating a claim of ineffective assistance of counsel, we "defer[] to counsel's reasonable tactical decisions, and there is a presumption counsel acted within the wide range of reasonable professional assistance." (*Mai*, *supra*, 57 Cal.4th at p. 1009.) "On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*Ibid.*)

Effective January 1, 2022, Senate Bill No. 81 amended section 1385 to add subdivision (c), which provides that a trial court "shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (§ 1385, subd. (c)(1); *People v. Torres* (2025) 113 Cal.App.5th 88, 92.) The statute lists several mitigating circumstances that, if established, "weigh[] greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).) One such circumstance is that "[m]ultiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed." (§ 1385, subd. (c)(2)(B).)

6

Begley claims that since the multiple-enhancement mitigating circumstance clearly existed in this case, "there could be no conceivable strategic or tactical reason" for his counsel not to ask the trial court to "strike four of the five deadly weapon and [GBI] enhancements" under section 1385. He argues that there is a reasonable probability the court would have done so, because dismissing the enhancements would not endanger public safety given that he is sentenced to LWOP and has "no prospect of ever being released." The Attorney General responds that counsel could have reasonably decided to focus on her ultimately successful strategy of reducing the three upper-term sentences.

We agree with the Attorney General that Begley's counsel could have had a rational tactical purpose for not seeking to dismiss any enhancements under amended section 1385. (See *Mai*, *supra*, 57 Cal.4th at p. 1009.) Even if we accept Begley's position that dismissal of all but one enhancement would not endanger public safety, the trial court was not thereby required to determine that dismissal was in the interest of justice. As our state Supreme Court has explained, even "absent a finding that dismissal would endanger public safety, a [trial] court retains the discretion to impose or dismiss enhancements" if it "finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*People v. Walker* (2024) 16 Cal.5th 1024, 1029.) Here, section 1172.75 precluded the court from resentencing Begley to a determinate term any higher than the original six years—which he already served. (See § 1172.75, subd. (d) [cannot impose longer sentence at resentencing]; *People v. Garza* (2003) 107 Cal.App.4th 1081, 1085 [determinate term served before indeterminate term].) Under these

7

circumstances, counsel could have reasonably believed that the court was unlikely to strike enhancements "in the furtherance of justice" where they could have no practical effect on Begley's sentence. In short, Begley fails to demonstrate that counsel's performance was deficient under prevailing professional norms, and we therefore reject his claim.

> B. *The Restitution Fine and Other Charges Not Imposed at Resentencing Must Be Stricken from the Abstracts of Judgment.*

In his opening brief, Begley claims that the $10,000 restitution fine under section 1202.4, subdivision (b) (section 1202.4(b)), and accompanying suspended $10,000 parole revocation restitution fine under section 1202.45 reflected on the abstracts of judgment and resentencing minute order must be stricken, because the trial court did not reimpose these fines. The Attorney General responds that the court reordered all restitution previously imposed.

In a supplemental brief, Begley also argues that the restitution fine imposed at the original sentencing must be vacated under section 1465.9, subdivision (d) (section 1465.9(d)), enacted by Assembly Bill No. 1186, which provides that any portion of a restitution fine under section 1202.4 that is not paid within 10 years of being imposed must be vacated. The Attorney General agrees the fine must be vacated under this law.

We conclude that the restitution fine and parole revocation restitution fine were not reimposed at the resentencing. Furthermore, although Begley does not raise the issue, both the determinate and indeterminate abstracts of judgment reflect two other fees the trial court also did not impose. We therefore order the resentencing minute order corrected to reflect the court's oral pronouncement and the unimposed fines and fees stricken from both abstracts.

8

Absent "compelling and extraordinary reasons" for not doing so, a sentencing court must impose a restitution fine between $300 and $10,000 in every case where a defendant is convicted of a felony. (§ 1202.4, subds. (b), (c).) Where, as here, the defendant's "sentence includes a period of parole," the court must also "assess an additional parole revocation restitution fine in the same amount as that imposed" under section 1202.4(b). (§ 1202.45, subd. (a); see *People v. Alvarez* (2025) 18 Cal.5th 387, 484 [parole revocation restitution fine appropriate in any case where determinate term imposed, even if defendant also sentenced to death].)

Effective January 1, 2025, about 10 months after Begley was resentenced, Assembly Bill No. 1186 (Stats. 2024, ch. 805, § 1) amended section 1465.9 to add subdivision (d) of the statute. Section 1465.9(d) provides, "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated."

As noted above, in resentencing Begley the trial court ordered "all victim restitution to the victim's family and [the Board] . . . as previously ordered." The accompanying minute order states, "All previous fines, fees[,] and restitution orders remain in effect." We disagree with the Attorney General that the court thus imposed a restitution fine under section 1202.4(b). The restitution ordered to Sakashita's wife and the Board was direct restitution under section 1202.4, subdivision (f), not a restitution fine. And although the minute order states that all fines and restitution orders remained in effect, the court did not say that at the hearing.

Thus, no restitution fine or parole revocation restitution fine was imposed at resentencing, and both must be stricken from the determinate

9

and indeterminate abstracts of judgment.[5] (*People v. Clark* (2021) 67 Cal.App.5th 248, 260–261.) Although Begley does not raise the issue, for the same reason both abstracts of judgment must also be corrected to remove a $30 court security fee under section 1465.8 and a $30 criminal conviction assessment under Government Code section 70373 that the court did not impose. Finally, we order the resentencing minute order corrected to reflect that only the orders of direct restitution remain in effect.

C.    *A Remand Is Required to Update Begley's Actual Custody Credits.*

Finally, Begley claims, and the Attorney General concedes, that the trial court was required to award actual custody credits as of the resentencing date. We agree with the parties that a remand is required to address this issue.

Under section 2900.1, "[w]here a defendant has served any portion of [the] sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence [the defendant] may receive upon a new commitment for the same criminal act or acts." This provision requires a sentencing court to "recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since [the defendant] was originally committed and delivered to prison custody."[6] (*People v.*

---

[5] Even if the trial court had imposed the restitution fine and parole revocation restitution fine at resentencing, the practical result would be the same. The restitution fine was originally imposed well over 10 years ago, meaning it would have to be vacated under section 1465.9(d). In turn, the parole revocation restitution fine would also have to be vacated, as it can only be imposed with a restitution fine of the same amount. (§ 1202.45, subd. (a).)

[6] The calculation of post-sentence conduct credits remains the responsibility of the Department of Corrections and Rehabilitation. (*People v.*

10

*Buckhalter* (2001) 26 Cal.4th 20, 29, 37.)  Thus, a remand is required for the trial court to recalculate Begley's actual custody credits.

### III.
### DISPOSITION

The matter is remanded for the trial court to recalculate actual custody credits to include the credits Begley accrued after his original sentencing. The court shall also (1) amend the March 6, 2024 minute order to state that "All previous orders for direct restitution remain in effect"; (2) amend the determinate and indeterminate abstracts of judgment to omit the $10,000 fines under Penal Code sections 1202.4 and 1202.45 and the $30 fees under Penal Code section 1465.8 and Government Code 70373; and (3) send certified copies of the amended abstracts to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.

---

*Dean* (2024) 99 Cal.App.5th 391, 397.)  Begley is not eligible for conduct credits due to his murder conviction.  (See § 2933.2.)

11

_____

Humes, P.J.

WE CONCUR:

_____

Banke, J.

_____

Langhorne Wilson, J.

*People v. Begley*  A170305

12